IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA GAIL NALLS-FALCONE | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO.4:14-CV-435-A(BJ) |
| | § | |
| CAROLYN W. COLVIN,[1] | § | |
| Commissioner, | § | |
| Social Security Administration | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis.* Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[2] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Brenda Gail Nalls-Falcone is the plaintiff. The defendant/respondent is Carolyn W. Colvin, Commissioner, Social Security Administration.

C. LEGAL ANALYSIS

---

[1] As Carolyn W. Colvin is the administrator of the Social Security Administration, she should be substituted as respondent in this action. The Clerk of Court is directed to make this change on the docket.

[2] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

Plaintiff accompanied her complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* That motion/application includes the income and asset information for both the plaintiff and her spouse. In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income."[3] A review of the financial information submitted in the long-form application/motion reflects that plaintiff Nalls-Falcone's spouse receives $3,500 a month in income,[4] and they have $3500-4,000 in a savings account. The applicable poverty guideline for a family of two is $15,730. At an income of $3,500 a month, Plaintiff's total annual household income is far above the poverty level for a family of two. The information in this application thus shows that Plaintiff has sufficient resources available to pay the applicable fees. Thus, after review and consideration of the application/motion to proceed in forma

---

[3] *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D.Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon,* 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .").

[4] Plaintiff also notes that in some months "we get three pay periods," and that the annual income is $77,000. The Court will use the lower amount of $3,500 a month for purposes of this review.

pauperis, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

## RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's June 11, 2014 motion to proceed in forma pauperis [docket no. 2] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the filing and administrative fees of $400.00[5] within seven (7) days after the district judge's order.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 7, 2014. In order to be specific, an objection must identify the specific

---

[5]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until July 7, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED June 16, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4